Halsted *agt.* Spencer.

pied twenty-six folios of the answer and upward of ninety folios of the schedules in stating the same.

　　　　　D. S. JONES, *Sol'r and of Counsel for Respondents.*
　　　　　L. ROBINSON, *of Counsel.*

☞ Only point taken here is new. Ought not to be heard here.` But there is nothing in the point. Answer only goes to part of the allegation. P. 38, first clause struck out about particulars which should not be in answer. But he has an answer to the amended bill. What precedes and follows the matter struck out makes a full answer. " Wherefore " is mere argument—inference. Master, vice chancellor, and chancellor, have decided this question. ☜

*Not reported.*

───────◄●●►───────

HALSTED, plaintiff in error, *agt.* SPENCER, defendant in error.

### Questions discussed.

1. Whether a *parol agreement* made on the 14th March, 1842, by which the plaintiff let to the defendant certain rooms in her dwelling house for board and lodging of the defendant and his wife, for a stipulated sum to be paid quarterly, *for the term of one year from the 1st of May*, 1842, was void by the statute of frauds—not being in writing?

2. Whether a settlement made with the plaintiff by the defendant in July, 1842, for the occupation of the rooms, to the 1st August, 1842, without board,

from the 1st of May preceding, whereby plaintiff made a deduction of one half, and the defendant promised that he would not ask any more deductions, but would pay *as he had agreed* to the 1st of May following, was a *new special contract* for the board and lodging of the defendant and his wife?

This was an action of assumpsit brought by Mrs. Spencer, the plaintiff, for $200, a board bill for one quarter, claimed for the board of the defendant and his wife from 1st of Feb. 1843, to 1st of May, 1843, on contract.

In March, 1842, the defendant agreed with the plaintiff for certain rooms and board for himself and wife from the 1st day of May, 1842, to the 1st day of May, 1843, at $800 for the year, payable quarterly. No deduction from the price was to be made on account of absence. The defendant to furnish the room. The defendant, on account of the illness of his wife, did not board with the plaintiff during the first quarter, nor occupy the rooms, although he furnished them and had the key and the possession of them. About the 1st of August, 1842, the defendant requested the plaintiff, under the circumstances, to throw off $100 of the amount due for the first quarter's board, ($200 being due,) and if she would do so, defendant said he would not ask for any more deductions, whether he and his wife came or not, but would pay the balance of the year at the rate of $800 a year quarterly, or oftener if the plaintiff wished it, as he had before agreed, and thought his wife would be well enough to commence about the early part of August, but whether she was well enough to commence or not, he would pay at that rate, beginning the first day of Aug. 1842, and ending the first day of May then next. The plaintiff then consented to throw off the $100 of the $200, which she did, and the defendant paid $100 for that quarter. The defendant and his wife did not commence to board with the plaintiff till the 5th of September then next, when they begun and remained till the 1st day of February, 1843, and paid for that time, and also paid for the month of August when they were not there. The defendant and his wife left on the 1st of February, 1843, when he was informed that he would be held responsible for his contract.

The *amended* declaration contained special counts on the

Halsted *agt.* Spencer

original agreement made in March, 1842, and on a special agreement made in August, 1842, for nine months; also, a count for use and occupation for the nine months commencing on the first of August, 1842, and the common counts. After the evidence (as above substantially stated) was given, the plaintiff rested, claiming a verdict of $244.40. It was admitted by defendant, if the plaintiff was entitled to recover at all, it should be for that sum.

The defendant then moved the court—Hon. JOHN W. EDMONDS, Circuit Judge—to grant a non-suit, for the following grounds:

*First.* Because it was proved by the plaintiff's own witness, that the defendant had fully paid the plaintiff for the time the defendant boarded with the plaintiff. *Second.* Because this was an action of special assumpsit, as appeared by the declaration, brought upon an alleged contract for board and lodging made in March, 1842, to commence the 1st day of May, 1842, to continue one year, to the first day of May, 1843; that such contract was void by the statute of frauds, and the plaintiff could not recover if the contract was proved as laid. (*Citing*, 2 R. S. 2 *Ed.* 70, § 2; 3 *Hill* R. 128.) *Third.* Because if the agreement was not within the statute of frauds, and for one year, it was such an agreement that either party had a right to put an end to it, the payment being made quarterly, and therefore the plaintiff could not recover unless she proves that defendant has not paid her for the time he was boarding with her. And the defendant having shown full payment for the time he remained, there is nothing due to the plaintiff, she having shown no damage. *Fourth.* Because the two first counts of the plaintiff's amended declaration are inconsistent with each other and cannot be maintained, being two separate agreements, specially declared upon for the same subject matter, one of which is clearly within the statute of frauds, and the second not sustained by the evidence. *Fifth.* That the first count in the declaration counts upon two different agreements in the same count, inconsistent with each other, which is bad, there being no evidence to support the first count. *Sixth.* That the evidence did not support the allegation in the second count.

21

Halsted *agt.* Spencer.

*Seventh.* There was no testimony to prove a hiring of rooms or apartments in the common acceptation of the term. *Eighth.* That having failed in all her special counts, there are no counts of a general nature under which she can recover for that portion of the board and lodging not actually furnished and not paid for. And there being no arrears, by the plaintiff's own showing, for that which was actually furnished, she is not entitled to recover, and therefore should be non-suited. *Ninth.* That the law does not know of or recognize a constructive feeding and lodging of the person, as nature rebels against such a proposition.

And the said circuit judge did then and there give his opinion, and decide to deny the said defendant's motion for a non-suit, and decided that there was sufficient to give the cause to the jury; and to which said opinion and decision of the said circuit judge, the said defendant, by his said counsel, did then and there except. And thereupon a verdict was rendered for $244.40.

The supreme court affirmed the verdict, and rendered judgment for the plaintiff. No written opinion was delivered by the court.

This cause was *previously* tried at the circuit, and a verdict rendered for the plaintiff.

The supreme court—BEARDSLEY, Justice—granted a new trial on these grounds: The declaration (then) contained two counts on the contract for the year, but *no count* on a contract for three quarters of a year. And as the contract for the year was proved to have been made in March, to commence the succeeding May, it was therefore *held* "not to be performed within one year from the making thereof," and was *void*, not being in writing. (2 *R. S.* 135, § 2.) The circuit judge so held; but he erred in admitting testimony under the counts to prove a special contract (not counted upon) for three quarters of a year.

It was also *held*, that the circuit judge erred on that trial, in holding and charging the jury that the plaintiff was entitled to recover full pay, according to the price agreed upon, for the last quarter of the year, although the defendant neither occupied the rooms nor had board with the plaintiff during any part

Halsted *agt.* Spencer.

of that time. If the contract was valid, and the defendant broke it without just cause, the plaintiff was still only entitled to such damages as necessarily and directly resulted from its violation. (*Wilson* v. *Martin*, 1 *Denio* 602; *Reported* 1 *Denio* 606.)

On the second trial the defendant brought error, and removed the judgment into this court.

> *Bell & Coe, Attorneys, and*
> *Wm. H. Bell, Counsel* for Plaintiff in Error.

*First.* The only agreement by the plaintiff in error with the defendant in error, in relation to obtaining board and lodgings from her, was made in March, 1842. (Page 14.) That agreement was void in law.

1. Because it was not to be performed within one year from the making thereof by its terms. (2 *Rev. Stat.* 135, § 2, *sub.* 1; *Wilson* v. *Martin*, 1 *Denio*, 602 *and* 608; *Bearegivelle* v. *Heald*, 1 *B. & Ald.* 723; *Drummond* v. *Burrell*, 13 *Wend.* 307; *Shute* v. *Dorr*, 5 *Wend.* 204.)

2. It was not a contract for the hiring and letting of real estate. (*Wilson* v. *Martin*, 1 *Denio* 602, 4.)

*Second.* The settlement made with the defendant in error, in August, 1842, for the occupation of the rooms without board, from the 1st of May preceding, did not constitute a new contract for board and lodging. The plaintiff in error said he would not ask for any more deductions, but would pay as he had agreed. The deduction of $100, from an illegal claim of $200, did not constitute any consideration on the part of the defendant in error. (3 *Hill*, 128; 15 *Wend.* 406; 2 *Hill*, 487.)

*Third.* The motion for a non-suit should have been granted.

*Fourth.* The judgment of the supreme court should be reversed. As the defendant in error cannot recover, an award of *venire de novo* would only occasion useless expense.

> *G. M. Speir, Attorney and Counsel* for Defendant in Error.

*First.* The contract, as laid in the declaration and proven on the trial, was valid and binding upon the parties. The plaintiff in error, about the first of August, 1842, agreed to take the rooms of the defendant in error until the first of May, 1843,

Halsted *agt.* Spencer.

and furnish them himself at the rate of $800 a year, payable quarterly, board to be furnished, but no deduction to be made on the account of absence from the house.   It was not necessary that the plaintiff in error should occupy the rooms, *it is sufficient that he might have done so.*   (2 *Saund. Ple. and Ev.* 486; 8 *T. R.* 327; 4 *Taunt.* 45.)

*Second.* The contract, made in March, 1842, between the parties for the use of the rooms, with board and lodging for one year, to commence the first of May then next, was, on the following July, affirmed with a slight modification by the plaintiff in error, and acted upon by him.   And this contract does not come within the statute of frauds.   (*Lockwood* v. *Barnes,* 3 *Hill,* 128; *Russell* v. *Slade,* 12 *Conn. R.* 455.)

*Third.* The plaintiff in error, by his agreement, not attaching any part of the consideration to the board he had for himself and wife, but resting the whole consideration in the use and occupation of the rooms, is liable therefor; and the verdict is upheld by the common counts in the declaration.   (1 *Chitty Plead.* 267; *Nelly* v. *Foster,* 2 *Binney* 4; 1 *Starkie R.* 198; *Williams* v. *Sherman,* 7 *Wen. R.* 109.)

*Fourth.* The amount due on the contract was for one quarter, and it is admitted if the plaintiff below was entitled to recover at all, it should be for that sum.

DECISION.—Judgment affirmed unanimously, on the argument.

NOTE.—Where a parol contract for the use of rooms and board was made in March for one year, to commence on the first day of May then succeeding; and about the first of August thereafter a settlement was made between the parties for the first quarter, by which it was agreed that on payment of a certain sum to cancel the debt for that quarter, and a promise by the defendant to go on and make payment as under the original agreement for the remaining three quarters of the year, it was *held,* that the original contract was "not to be performed within one year from the making thereof," and was consequently *void.* (2 *R. S.* 135, § 2.)   That proof for the plaintiff on a claim for the three quarters of the year was inadmissible under the special count on the original contract; it was necessary there should be a count upon the special agreement made in August. The *amended* declaration containing such special count, the proof under it, on the second trial, was properly admitted, and the verdict for plaintiff sustained.

*Not reported.*

(*This term was held at the City Hall, in the City of New-York.*)